UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) | CRIMINAL DOCKET NO.: 04-10115-RCL |
| ) | |
| ) | |
| v.   ) | |
| ) | |
| **SPENCER GRAY**   ) | |
| **Defendant**   ) | |

MOTION TO DISMISS THE INDICTMENT AGAISNT DEFENDANT, SPENCER GRAY, WITH PREJUDICE

Now comes the defendant, Spencer Gray, by his attorney and moves this Honorable Court to dismiss the indictment against him with prejudice.

As grounds of this request defendant says as follows:

1. The crime set out in the indictment against Mr. Gray describes conduct with had no substantial effect on interstate commerce and is therefore beyond the power of Congress to prohibit under the Commerce Clause of the Constitution of the United States.

2. The activity described in the above captioned indictment is purely intrastate in character and has no significant impact in commerce.

3. The defendant relies on United States v. Lopez, 514 U.S. 549, 115 S. Ct. 1624 (1995) (interpreting 18 U.S.C. § 922 (g)(2)(A)) and its progeny as rationale for invalidating both the provisions of 21 U.S.C. § 860(a), as well as 21 U.S.C. § 841(a)(1) as applied to the defendant, Spencer Gray, in this situation.

4. This having been said, the defendant recognizes that on of said descendants is United States v. Zorilla, 93 F.3d 7 (1st Cir. 1996) which ruled that the challenged statute, 21 U.S.C. § 860(a) "passes constitutional muster under the Commerce Clause." See also United States v. Burgos, 24 F.3d 8, 11 (1st Cir. 2001) and cases cited therein.

5.     Notwithstanding the above referenced array of First Circuit precedent interpreting this issue adversely to him, the defendant moves for dismissal of this indictment as applied to his conduct alleged therein.

        Respectfully Submitted,
        Spencer Gray
        By his attorney,

        _____
        Thomas J. Ford
        141 Tremont Street, Suite 400
        Boston, MA 02111
        (617) 542-6082
        BBO # 174640

Dated: November 15, 2004