UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | **CRIMINAL DOCKET NO.: 04-10115-RCL** |
| ) | |
| ) | |
| v.  ) | |
| ) | |
| **SPENCER GRAY** ) | |
| **Defendant** ) | |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE SURPLUSAGE FROM THE SUPERSEDING INDICTMENT

On October 28, 2004, the Government obtained a superseding indictment in this case. As it pertains to Mr. Gray, the superseding indictment adds the following allegations under the heading "Notice of Additional Factors":

1. That Mr. Gray, in connection with Count 5, is responsible for at least 5 grams but less than 20 grams of cocaine base, also known as "crack" cocaine, a Schedule II controlled substance.

The Government provides a Guidelines citation for this "additional factor". Prior to the United States Supreme Court's decision in Blakely v. Washington ____U.S.____, 124 S. Ct. 2531 (2004), these allegations would have been dealt with in the context of the sentencing proceeding that would follow any conviction on this matter. Undeniably, however, Blakely raised serious concerns as to the constitutionality of the Guidelines. Specifically, in the wake of Blakely, it is quite possible that the allegations referenced

1

above will be deemed functional elements of a criminal offense, rather than the sentencing factors that they were clearly meant to be when promulgated by the United States Sentencing Commission. The fear that the Guidelines might be unconstitutional either in their totality or in part is not unfounded. One judge of this Court, in <u>United States v. Mueffelman</u>, 2004 U.S. Dist. LEXIS 14114 (July 26, 2004), has already held that under <u>Blakely v. Washington</u>, the Guidelines are unconstitutional and its provisions are not severable.

The Guidelines were drafter by the sentencing commission to be used by judges in assessing a proper sentence. The Guidelines would be inapposite for use by a jury in determining whether the Government has proven an offense element by proof beyond a reasonable doubt. As the Court noted in <u>United States v. Mueffelman</u>, Congress specifically declined to give juries a role in the Guideline scheme when enacting the Guidelines.

Since only Congress has the power to enact new criminal statutes, the "additional factors" cannot be viewed as elements of the offense. Therefore, they have no place in a federal indictment. Rather, "[t]he indictment…must be a plain, concise, and definite statement of the essential facts constituting the offense charged…" Hamling v. United States, 418 U.S. 87, 117-18 (1974). While the Blakely majority specifically invited Washington state prosecutors to include enhancements or aggravating factors in new indictments, it limited the invitation to those factors that are statutory. <u>See United States v. Blakely</u>, 124 S. Ct. at 2541-42. All of the factors alleged in this indictment are non-statutory and are essentially taken directly from the Guidelines.

A District Judge has the authority to strike language from an indictment that is

2

surplusage if it is prejudicial. Fed. R. Crim. P. 7(d). The language at issue here is clearly prejudicial, since it will inevitably be brought to the jury's attention. Presumably, the Government will urge the court to instruct on these "additional factors" when the case is submitted to the jury, so that they can argue for a finding of guilty beyong a reasonable doubt to comply with the mandate of Blakely, assuming that its logic is found to be binding on the federal sentencing guidelines. Further assuming that the jury makes such findings, the Government will undoubtedly ask the court to sentence the defendant accordingly.

Following the reasoning of the Court in United States v. Mueffelman that the Guidelines are unconstitutional and its provisions are not severable, the recitation of the Guidelines provisions in the Notice of Additional Factors is of no effect and must be stricken as surplusage. Similarly, since neither the Executive branch nor the United States Grand Jury have the authority to declare that the "additional factors" are elements of a new criminal offense, this Court should order them stricken from the superseding indictment.

                                    Respectfully Submitted,
                                    Spencer Gray
                                    By his attorney,

                                    _____
                                    Thomas J. Ford
                                    141 Tremont Street, Suite 400
                                    Boston, MA 02111
                                    (617) 542-6082
                                    BBO # 174640

Dated: November 15, 2004