```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
              _____

              No. 04-CR-10115-RCL
              _____

              UNITED STATE OF AMERICA

                      v.

                 SPENCER GRAY,
                   Defendant
              _____
```

**MOTION FOR REDUCTION OF SENTENCE**

The defendant Spencer Gray moves the court for an order reducing his sentence from 57 months to 46 months, or time served, pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.

**A.   Eligibility for Sentence Modification**

   **1.   Background**

A grand jury returned a seven-count indictment on April 8, 2004, charging the defendant and others with distribution of cocaine base, or crack cocaine. A superseding indictment was returned on October 28, 2004. No new charges were added. (The indictment added a Notice of Additional Factors, in an effort to meet the concerns raised by the Court's decision in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).) The defendant was charged in six of those counts, as follows:

**Counts 2, 3, 5, 7**
Distribution of cocaine base, 21 U.S.C. § 841(a)(1)
Playground zone violation, 21 U.S.C. § 860(a)

**Counts 4, 6**
Distribution of cocaine base, 21 U.S.C. § 841(a)(1)

On April 6, 2005, the defendant pled guilty to all six counts. On April 12, 2005, he was sentenced to a term of imprisonment of 57 months, with a six-year term of supervised release to follow. That sentence represented the low end of the guidelines sentencing range ("GSR") that the Court found to be applicable, which was 57 to 71 months (based on a total offense level of 25 and a criminal history category of I).

The court calculated the GSR using U.S.S.G. § 2D1.2(a)(2), which provides for the base offense level to be calculated using the quantity of drugs distributed in the protected location (within 1,000 feet of a playground) and adding two levels due to the protected location. The quantity of drugs distributed in the protected location was 6.88 grams, which yielded a level 26; adding two levels for the protected location yielded a base offense level of 28. Three levels were deducted for acceptance of responsibility, yielding a total offense level of 25. The defendant was in CHC I, so the GSR was 57-71 months.[1]

The defendant now is incarcerated at a halfway house in Philadelphia, with a current release date of July 22, 2008. He is eligible for a reduced sentence under 18 U.S.C. § 3582(c) and

---

[1] U.S.S.G. § 4D1.2(a)(1) provides for an alternate calculation, using the total quantity of drugs distributed, here 10.68 grams, and adding one level for protected location. This results in a lower GSR under both the old and new cocaine base guidelines.

U.S.S.G. § 1B1.10. The calculation under the newly-reduced guideline would place the defendant at level 24 for the quantity of drugs, plus two for protected location, less three for acceptance of responsibility, or a total offense level of 23. At level 23, CHC I, the GSR would be 46-57 months. The eleven month reduction represented by the low end would make the defendant eligible for immediate release since he is presently scheduled for release on July 22, 2008.

    2.    **The Governing Law**

Section 3582(c)(2) of Title 18 of the United States Code provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case. On December 11, 2007, the Commission issued a revised version of § 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). Revised § 1B1.10(a), which became effective on March 3, 2008, provides, in relevant part:

(1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

(A) none of the amendments listed in subsection (c) is applicable to the defendant; or

(B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3) <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most crack cocaine offenses. On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in § 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties,

4

the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See U.S.S.G., Supplement to App. C, Amend. 706.

Previously, the Commission had set the crack offense levels in § 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms

5

falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams. Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

3.  **The Defendant is Eligible for a Sentence Reduction**

Amendment 706, reduced the GSR applicable to the defendant. Therefore, the Court may consider whether to reduce his sentence. Specifically, the base offense level in this case is now 26, pursuant to amended § 2D2.1.[2/] Once this is reduced by three levels for acceptance of responsibility, the revised total offense level is 23. At the established criminal history category of I, this results in a GSR of 46 to 57 months. This is a reduction from the previously applied GSR of 57 to 71 months.

B.  **The Defendant's Sentencing Recommendation**

The defendant recommends imposition of a 46 month, time served sentence, with a six-year term of supervised release to follow (with the same mandatory, standard, and special conditions of supervised release as were previously imposed). The proposed

---

[2/]  Distribution of 6.88 grams of cocaine base places defendant at level 24. Adding two levels for protected zone yields a base offense level of 26.

46-month, time served sentence is at the low end of the revised GSR and is appropriate given that the defendant received a low-end disposition from the Court at the time of the original sentencing.

C.  **There is No Need for the Defendant's Presence at a Sentence Modification Hearing**

The defendant does not need to be transported from Philadelphia to Massachusetts for a sentencing hearing, since that would only lengthen his incarceration.

Respectfully submitted
The defendant Spencer Gray
By his counsel


/s/ Charles W. Rankin
_____
Charles W. Rankin
BBO No. 411780
Rankin & Sultan
151 Merrimac St.
Boston, MA 02114
(617) 720-0011

**CERTIFICATE OF SERVICE**

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants on March 11, 2008.

/s/ Charles W. Rankin
_____
Charles W. Rankin